■ GEER DU BOIS & COMPANY, INC., Appellant, v. O. M. SCOTT AND SONS CO. (INC.), Respondent.— Order, entered June 1, 1966, granting leave to defendant to serve an amended answer containing counterclaims alleging abuse of process, negligence, conversion and prima facie tort, in an action for breach of contracts and services rendered, unanimously reversed, on the law, with $30 costs and disbursements to appellant, and the motion denied. (See *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170, 173.) Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.

## (November 22, 1966)

■ RUTH J. GORHAM, Appellant-Respondent, v. SAMUEL GORHAM, Respondent-Appellant.— Order, entered on September 4, 1963, modifying the separation decree entered on November 8, 1956, so as to reduce monthly alimony from $800 to $600, and adjudging defendant in contempt and fining him the sum of $2,800, unanimously modified, on the law and on the facts, without costs or disbursements to any party, to the extent of directing defendant to pay a fine of $1,825 rather than $2,800, representing his arrearage in support payments from January to August, 1963, and otherwise affirmed. Defendant has demonstrated that, from March to August, 1963, pursuant to an interim order of the court, pending the outcome of his cross motion to reduce alimony, he paid to plaintiff $400 per month, while in February, 1963, he paid $325 and in January, 1963, $250. Thus, he paid $2,975 out of the $4,800 owed for that period. The Referee's finding that defendant paid only $250 per month from January to August, 1963 is erroneous. Defendant may purge himself of his contempt by paying said fine of $1,825 in semi-monthly payments of $200 (the initial payment to be in the sum of $225) together with current alimony as it accrues, payments to commence one week after service of a copy of the order to be entered hereon with notice of entry thereof. Settle order on notice. Order entered on November 17, 1965, granting defendant's motion to the extent of modifying the separation decree entered on November 8, 1956, so as to reduce monthly alimony from $450 to $300, unanimously reversed on the law and on the facts, and motion denied, without costs or disbursements to any party and without prejudice to a renewed application upon a showing of defendant's current income from all sources available, what finances are utilized in his present household and plaintiff's financial needs. Transcription of the minutes before the Special Referee was waived, and his report does not give sufficient information on the above issues. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.